UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LOKERSON,<br><br>           Plaintiff,<br><br>    v.<br><br>C. PFEIFFER,<br><br>           Defendant. | No. 1:23-cv-01513-KES-HBK (PC)<br><br>ORDER DIRECTING PLAINTIFF TO CLARIFY RELIEF BEING SOUGHT<br><br>(Doc. No. 19)<br><br>AUGUST 28, 2024 DEADLINE |

Pending before the Court is Plaintiff's Motion titled, "Motion for Leave to Amend, or Dismiss as Moot," filed July 26, 2024. (Doc. No. 19). The undersigned previously issued a Findings and Recommendations (F&R) to dismiss Plaintiff's case for failure to state a claim, to which Plaintiff objected. (Doc. Nos. 17, 18). The F&R remains pending before the District Court.

In his current Motion, Plaintiff acknowledges that he has recently transferred from Kern Valley State Prison ("KVSP") to High Desert State Prison ("HDSP"), and that his claims based on an allegedly unconstitutional personal food policy at KVSP may now be moot. (*Id*. at 1). Plaintiff continues, "[n]evertheless, conditions at KVSP and HDSP are substantially similar" and he seeks "leave to amend to reflect his current circumstances and to update the list of defendants to cure the mootness issue." (*Id*. at 1-2). Alternatively, Plaintiff asks that the Court dismiss his case as moot, without prejudice. (*Id*. at 2). The Court will advise Plaintiff as to its tentative

1

1   analysis of his Motion to Amend but will defer ruling on it before affording Plaintiff an
2   opportunity to clarify what relief he seeks.

3   Under Rule 15, a party "may amend its filing once as a matter of course . . . ." Fed. R.
4   Civ. P. 15(a)(1).  For subsequent amendments, "a party may amend its pleading only with the
5   opposing party's written consent or the court's leave.  The court should freely give leave when
6   justice so requires." Fed. R. Civ. P. 15(a)(2).  However, leave to amend generally is inappropriate
7   where the plaintiff has not indicated how it would make the complaint viable, either by
8   submitting a proposed amendment or indicating somewhere in its court filings what an amended
9   complaint would have contained.  *Wolgin v. Simon,* 722 F.2d 389, 394–95 (8th Cir. 1983).

10  Here, Plaintiff implies that he should be able to simply change the institution and warden
11  named in his Second Amended Complaint ("SAC") and otherwise proceed on a Third Amended
12  Complaint without changing the substantive allegations in the SAC.  (Doc. No. 19 at 1-2).
13  Plaintiff alleges vaguely that "conditions at KVSP and HDSP are substantially similar" without
14  specifically alleging that HDSP has the same personal food policy at issue in his original
15  Complaint.  (*Id*.).  To the contrary, Plaintiff's initial Complaint stated, "I've been housed at CTC
16  in three other prisons—HDSP, SVSP, CHCF—none have this same restriction against personal
17  food."  (Doc. No. 1 at 3).  Thus, it is not clear there is any factual basis for Plaintiff to assert the
18  same claim at HDSP that he alleged based on the policy at KVSP.

19  Further, given Plaintiff's recent arrival at HDSP, it is unlikely he has had time to exhaust
20  his administrative remedies as to any objectionable policy at HDXP.  Although a prisoner litigant
21  need not affirmatively plead compliance with the PLRA, if a prisoner litigant does so without
22  having first exhausted his administrative remedies would almost inevitably result in dismissal and
23  would waste limited court resources addressing his claims in the meantime.   And, HDSP is
24  located within the Sacramento Division of this Court, so venue for Plaintiff's new claim would be
25  in Sacramento Division, not in the Fresno Division.

26  Additionally, Plaintiff has not addressed the underlying deficiency in his claim, which is
27  that prison officials at KVSP provided a rational basis for the personal food policy, and thus the
28  Court found that it was not unconstitutional under the Fourteenth Amendment.  (*See* Doc. No. 17

at 4-7).  Plaintiff contends, without explanation, that reframing his claim as one brought under 42 U.S.C. § 12132, a provision of the Americans with Disabilities Act, would make his claim viable. (Doc. No. 19 at 2).  But without more than this conclusory assertion, Plaintiff has not demonstrated to the Court that changing the legal basis for the claim would render his operative Complaint viable, given that the Court already found the policy passes rational basis scrutiny. For all these reasons, the Court would be inclined to recommend the Motion to Amend be denied.[1]

Plaintiff's Motion in the alternative recognizes that his claim may be moot.  Indeed, Plaintiff seeks injunctive relief in his Second Amended Complaint in connection with the food policy at KVSP.  Generally, a prisoner's claims seeking injunctive relief against jail officials are moot once a prisoner has been transferred or released unless he can demonstrate a reasonable expectation of being transferred back to the same institution.  *See Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001) (noting "when a prisoner is moved from a prison, his action will usually become moot as to the conditions at that particular facility").  As Plaintiff notes, because no defendant has been served and no answer nor motion for summary judgment has been filed, Plaintiff may voluntarily dismiss this action by operation of law for any reason, including that he believes it is moot, without further order from the Court consistent with the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 41(a)(1)(A)(i).  A voluntary dismissal of this action by Plaintiff prior to the district court ruling on the pending F&R finding that the complaint fails to state claim would avoid Plaintiff from incurring a strike under the PLRA.[2]

Because Plaintiff seeks alternative forms of relief, the Court will afford Plaintiff the opportunity to clarify his intentions.  If he wishes to voluntarily dismiss his SAC under Rule 41(a)(1), he must submit a free-standing "Notice of Voluntary Dismissal Pursuant to Rule 41."  If

---

[1] Plaintiff would of course be free to file a new complaint based on any allegedly unconstitutional policies at HDSP.

[2] Under § 1915(g), "the three-strikes bar," prisoners who have had on three or more prior occasions a case dismissed as frivolous, malicious, or for failure to state a claim may be barred from proceeding in forma pauperis in future civil actions and required to prepay the filing fee in full. *Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020); *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007). Regardless of whether the dismissal was with or without prejudice, a dismissal for failure to state a claim qualifies as a strike under § 1915(g). *Lomax,* 140 S. Ct. at 1727.

he wishes to file a third amended complaint, he must submit a free-standing third amended complaint accompanied by a motion for leave to amend.

Accordingly, it is hereby **ORDERED**:

1. **No later than August 28, 2024**, Plaintiff must submit to the Court either a free-standing "Motion to Amend" accompanied by a proposed "Third Amended Complaint" or a "Notice of Voluntary Dismissal Pursuant to Rule 41," as appropriate.
2. If Plaintiff fails to timely respond to this Order, the Findings and Recommendations to dismiss Plaintiff's case for failure to state a claim (Doc. No. 17) will be deemed ripe for consideration by the District Court.

Dated:   August 9, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4